## COMMERCIAL UNION ASSUR. CO. *v.* SMITH.

*(Supreme Court, Special Term,˙New York County.* October˙1, 1888.).

1. CORPORATIONS—CORPORATE NAMES—INSURANCE˙COMPANIES.
    Laws N. Y. 1877, c. 211, providing that˙no fire, life, marine, or other insurance company shall use a name or title which shall, at the time of the organization of the corporation. be used to designate a fire, life, marine, or other insurance company already existing under the laws of the state, does not prohibit a life insurance company from adopting a name previously used by a fire insurance company.

2. SAME—INJUNCTION—AGAINST USE OF CORPORATE NAME. ˙
    When the defendant company organized under the name "Commercial Union Life Insurance Company of New York," the plaintiff company, under the name "Commercial Union Assurance Company," was engaged in the business of fire and marine insurance, which was the only insurance business it could lawfully transact. It was shown that many fire insurance companies have the same name as life insurance companies, and that no uncertainty or confusion arises from that fact; and defendant disclaimed intention to copy plaintiff's name. *Held,* that it was not shown that injury would result to plaintiff during pendency of the action to restrain the use of the name assumed by defendant; and that plaintiff was not within Code Civil Proc. § 603, providing that when plaintiff demands in his complaint, and it appears that he is entitled to, an injunction restraining the˙commission or continuance of an act, the commission or continuance of which during pendency of·the action will injure plaintiff, injunction may be granted to restrain it.

At chambers.    Motion to make permanent a temporary injunction.

· O'BRIEN, J.    This is a motion by plaintiff to make permanent a. temporary injunction restraining the defendants from using or attempting to use the words "Commercial Union" in their title.    "The Commercial Union Assurance Company, Limited," is a foreign corporation, created and existing under the laws of Great Britain, having the right, under such laws, but not of this state, to.carry on the business of life, fire, and marine insurance.    In 1871 it was permitted to engage in the fire insurance business in this state, and it now has no right, under the laws then and now existing in this state, to engage in any other than the fire insurance business.    In 1888 the defendants, desirous of forming a life insurance company, on conference ·with the superintendent of insurance, selected the name "Commercial Union Life Insurance Company of New York," and commenced doing business.    The plaintiff asks the equitable interposition of this court, by an order of injunction, on.two grounds,—the *first,* under the statute applicable to the case; *second,* under established rules of law entitling the plaintiff to .protection against the injury likely to result from the use by other parties of a business name so similar to that devised and used by it as its own as to be liable to mislead the public.

The statutes relied upon (chapter 211, Laws 1877) provide that "no fire, life, marine, or other insurance company herein organized, under the laws of this state, shall use a corporate name or title which shall at the time of such organization be used to designate a fire, life, marine, or other insurance company already existing under the laws of this state; and it shall be the duty of the superintendent of the insurance department to reject any name which he shall deem to be so nearly similar to any already in use as to lead to .confusion or uncertainty on the part of the public."    Whether we regard.the plaintiff as a corporation existing under the laws of this state or not, I am inclined to adopt the construction of this statute, as given by the insurance department, namely: "That the statute was designed to prohibit the adoption, by the incorporators of an insurance company, of a .title too closely resembling that of a corporation already organized for the purpose of insurance, similar in character to that proposed˙to be maintained by the incorporators.    The object of the act is more particularly to prevent an improper diversion of business growing out of confusion or uncertainty on the part of the public, by reason of a similarity of corporate titles.    It would seem, then, that this statute was intended to prevent any fire insurance company from using the seal

or title of any other fire insurance company, or any life insurance company from using the seal or title of any other life insurance company. In other words, that no company should use the name of another company in the same line of business, for such would result in confusion and uncertainty on the part of the public, by reason of a similarity of corporate titles, and injure the company first assuming the seal and title by a diversion of its business.

Apart from the statutes, therefore, under what law is plaintiff entitled to protection by injunction *pendente lite* against injury likely to result from the use by defendant of the corporate name selected, and is it a similarity such as to be likely to mislead the public? In a case lately considered, (*Trust Co.* v. *Trust Co.*, 1 N. Y. Supp. 44,) an effort was made to collate some of the authorities, and analyze the principles underlying them bearing upon this subject; and reference to that case renders it unnecessary to refer to the cases therein cited. In many respects there is a great similarity between the two cases, and, as therein stated, "a name, whether of an individual or corporation, as well as any other mark or symbol, will be protected in a proper case; and that irrespective of whether such name is an arbitrary one or not, if the other considerations entitling it to such protection are present. The use of the same name would not be enjoined where the parties were doing business thereunder entirely dissimilar and distinct, as, for instance, where one represented a banking business and another a locomotive works." The mere similarity in name, therefore, standing alone, would not be sufficient to justify the interposition of the equitable powers of the court; but it is only in cases where the similarity of name, or the manner of its use, would produce confusion or uncertainty concerning the name, calculated to injuriously affect the identity and business of the corporation which has acquired the first right to use such name. I do not think that the titles here in question are sufficiently similar to mislead any one or to injure the plaintiff, irrespective of the question that the plaintiff only does a fire and marine insurance business, while the defendant company is to engage in a life insurance and annuity business only. The affidavits show that there are many fire insurance companies having precisely the same name as other life insurance companies. For instance, the Ætna Life and the Ætna Fire, the Home Fire and the Home Life, etc. And the affidavits of officers of such companies state that no uncertainty or confusion arises by reason of such fact. It is moreover stated by the defendants that there was no intention to copy the name of the plaintiff, and the fact that they are engaged in business dissimilar in character shows that no attempt has been made to divert the business of plaintiff or deceive the public. Nor is any direct injury to plaintiff shown. The Code provides (section 603) that when it appears from a complaint "that the plaintiff demands and is entitled to a judgment against the defendant restraining the commission or continuance of an act, the commission or continuance of which during pendency of the action will produce an injury to the plaintiff, an injunction order may be granted to restrain it." I am unable to see from the affidavits how any injury can result to plaintiff from the use of the name during the pendency of the action, whatever may be the effect of the testimony as produced upon the trial. The plaintiff is prevented by the law of this state from engaging in the business of life insurance, which is the only business proposed to be carried on by defendant; and the use of the name during the pendency of the action will not result in any diversion of plaintiff's business. The affidavits, therefore, not being sufficient to show bad faith on the part of the defendants in the selection of the name, and for the reasons that the business engaged in by the plaintiff is entirely different from that of the defendant, and that injury will not result to the plaintiff during the pendency of the action, and that it has not been shown that the public will be misled or deceived, the motion to make the temporary injunction permanent should be denied.